```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

TIFFANY HEDGES, :
: NO. 1:04-CV-00659
    Plaintiff, :
:
  v. : **OPINION AND ORDER**
:
SIMON LEIS, JR., et al., :
:
    Defendants. :

This matter is before the Court on Defendants' Motion for Summary Judgment (doc. 17), Plaintiff's Memorandum in Opposition (doc. 18), and Defendants' Reply (doc. 19). For the reasons indicated herein, the Court GRANTS Defendants' Motion and DISMISSES this case from the Court's docket.

**I. Background**

Plaintiff brought her original Complaint on September 24, 2004, alleging she was brutally assaulted while in the custody of Defendants Hamilton County Sheriff Simon Leis, Jr., ("Leis"), Hamilton County, Ohio, and Does one through ten ("Doe Defendants") (doc. 1). It is undisputed that at 3:15 A.M. on September 25, 2002, Cincinnati police officers arrested Plaintiff, who was intoxicated, for disorderly conduct (doc. 18). Plaintiff claims that "while being processed into the Hamilton County Justice Center by Hamilton County Sheriff Department deputies," she "sustained injuries to [her] face, teeth, and eye" (Id.). Plaintiff alleges Defendants failed to protect her, used excessive force against her,

and were negligent in failing to properly supervise the jail (doc. 1). Plaintiff seeks compensatory and punitive damages, court costs and attorney's fees (Id.).

Defendants deny Plaintiff's allegations, and responded that Plaintiff was combative and resistant while being processed at the Hamilton County Justice Center, which resulted in injury to her lip (doc. 18). Defendants filed their initial Motion for Summary Judgment on January 31, 2006 (doc. 12). Shortly thereafter, Plaintiff requested an extension of time to conduct discovery as to the identities of the Doe Defendants, to amend her Complaint, and to respond to Defendants' motion (doc. 13). On April 19, 2006, the Court granted Plaintiff's motion (doc. 16). Plaintiff neither amended her Complaint nor conducted discovery. Fictitious parties must be dismissed absent their identification through discovery. Hindes v. FDIC, 137 F.3d 148, 155 (3rd Cir. 1998), Hunter v. Trussel, No. 2:03-CV-00972, 2006 U.S. Dist. LEXIS 25839 (S.D. Ohio, May 2, 2006). As discovery has closed and Plaintiff has failed to identify the Doe Defendants, the Court finds it appropriate to dismiss them from this action.

On June 27, 2006, Defendants renewed their Motion for Summary Judgment, requesting the Court dismiss the case against Defendants Leis and Hamilton County (doc. 17). Defendants argue that as Defendant Leis is the only policymaker of Hamilton County named in the Complaint, and he committed no constitutional

2

violation, the Court should grant summary judgment in his favor, and in favor of the Board (doc. 17). In addition, Defendants argue Leis is entitled to qualified immunity in his individual capacity, because Plaintiff fails to allege any conduct by Leis, but rather conduct by his subordinates (Id.). As for the state law claims, Defendants argue Leis and the Board cannot be held liable because they have statutory immunity under Ohio Revised Code 2744 (Id.). Finally, Defendants argue Plaintiff is not entitled to punitive damages, as a matter of law, on any of her claims against the Hamilton County Defendants, and Plaintiff fails to demonstrate sufficient evidence against Defendant Leis in his individual capacity to support punitive damages (Id.).

**II. Summary Judgment Standard**

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam). In reviewing the instant motion, "this Court must

determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

    The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

    Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the

4

motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts

upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991).

**III. Analysis**

Plaintiff argues there is a genuine dispute in this matter as to what injuries she suffered prior to entering the Hamilton County Justice Center, and what injuries she suffered

6

while in the custody of the Hamilton County Sheriff's Department (doc. 18). She argues that this dispute is sufficient in itself to defeat Defendants' Motion for Summary Judgment (Id.). Plaintiff proceeds to argue that the Defendants were deliberately indifferent to her health and safety needs, that Defendants knew she was intoxicated, but they failed to assume responsibility for her safety and well-being (Id.).

The Court does not find Plaintiff's arguments well-taken. It is immaterial where Plaintiff's alleged injuries occurred, because even should she have suffered all her alleged injuries while in custody of the Hamilton County Sheriff's Department, she has proffered no record evidence that the Sheriff or the County maintained an unconstitutional policy causing her injury, nor the requisite evidence to overcome state law municipal immunity under Ohio Revised Code § 2744.[1]

Defendants Leis and the Board, citing Monell v. New York Dept. of Social Services, 436 U.S. 658 (1978), correctly argue that in order to maintain an action against the County for actions of

---

[1] Although this Court found Section 2744 unconstitutional in Kammeyer v. City of Sharonville, 311 F.Supp.2d 653, 661-62 (S.D. Ohio 2003), later decisions by Ohio state appellate courts upheld the statute. Ultimately, the Sixth Circuit, in light of the Ohio Supreme Court's subsequent silence on the matter, found no showing of unconstitutionality, and read Ohio's law to provide that the statute is constitutional. Ellis v. Cleveland Municipal School Dist., 455 F.3d 690, 698 (6th Cir. 2006).

7

employees, Plaintiff must show the County itself caused a constitutional deprivation through a custom or policy. A single act by a low-level official is an insufficient basis to infer the existence of a municipal policy (doc. 17, citing Oklahoma v. Tuttle, 471 U.S. 808 (1985)). Defendants Leis and Hamilton County proffer evidence that all corrections officers must undergo training, including training as to handling inmate medical needs and problems (Id.). The undisputed evidence, therefore, shows that the County had no policy of deliberate indifference toward intoxicated detainees, and therefore cannot be held liable for alleged acts by its agents against Plaintiff.

The Court further finds well-taken Defendant Leis's argument that he is entitled to qualified immunity in his individual capacity. "Qualified immunity protects government officials against suit for the performance of discretionary functions so long as the conduct in question 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Levin v. Childers, II, 101 F.3d 44, 46 (6th Cir. 1996) citing Veney v. Hogan, 70 F.3d 917, 920 (6th Cir. 1995) (quoting Harlow v. Fitzgerald, 457 U.S. 800,(1982)). "The acts of one's subordinates are not enough, nor can supervisory liability be based on the mere failure to act." Summers v. Leis, 368 F.3d 881 (6th Cir. 2004). Here, Plaintiff has alleged no conduct on the part of Defendant Leis supporting a claim

8

that he violated her constitutional rights.

Having thus concluded that Plaintiff's federal claims fail as a matter of law, the Court next addresses Defendants' argument that state law immunity protects Defendants against liability for Plaintiff's state law claims. Defendants invoke Ohio Revised Code § 2744.02, which cloaks Ohio political subdivisions with immunity from civil liability for acts or omissions of a subdivision or its agent in connection with a governmental or proprietary function. Plaintiff has made no showing, nor does the Court find, that any of the exceptions to the statute are applicable to this case.[2] Finally, Plaintiff has not shown how the only remaining County employee in the case, Sheriff Simon Leis, acted with malicious purpose, in bad faith, or in a wanton and reckless manner. <u>Cheren v. Troutman</u>, No. 16969, 1995 Ohio App. LEXIS 2842 *3(Ct. App. Ohio, June 28, 1995). For these reasons, the Court finds Defendants' argument well-taken that Ohio Revised Code § 2744.02 shields them from liability for Plaintiff's

---

[2] These exceptions include:(1) the negligent non-emergency operation of a motor vehicle by government employee within the scope of employment, (2) the negligent act of a government employee with respect to proprietary functions of the political subdivision, (3) the failure to keep public roads and other public grounds open, in repair and free from nuisance, (4) negligence by governmental employees that causes injury within or on the grounds of, and is due to physical defects within or on the grounds of, buildings used in the performance of a governmental function, not including jails or any other detention facility, and (5) liability expressly imposed by Ohio Revised Code §§ 2743.02 and 5591.37. Ohio Revised Code 2744.02(B).

state law claims.

Finally, Defendants raise arguments concerning punitive damages against the Hamilton County Defendants in their official capacities and against Sheriff Leis in his individual capacity. As Plaintiff's underlying claims fail as a matter of law, there is no basis for punitive damages in this matter.

**IV. Conclusion**

Having reviewed this matter, the Court finds no genuine dispute of material fact, and concludes that Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Plaintiff failed to identify any of the Doe Defendants, and did not demonstrate that Defendant Leis or the County, through a custom or policy, deprived her of a constitutional right. Moreover, Defendant Leis is entitled to qualified immunity under the facts of this case. Finally, Defendants have shown they are entitled to statutory immunity on Plaintiff's state law claims, pursuant to Ohio Revised Code § 2744.

Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment (doc. 17), and DISMISSES this case from the Court's docket.

SO ORDERED.

Dated: September 20, 2006_     /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge